**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-cv-01385-SKC-STV

JASON BROOKS

Plaintiff(s),

v.

NISSAN NORTH AMERICA, INC,

Defendants.

---

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT NISSAN NORTH AMERICA, INC.**

---

Plaintiff Jason T. Brooks, appearing *pro se*, respectfully moves the Clerk of Court pursuant to Fed. R. Civ. P. 55(a) to enter default against Defendant Nissan North America, Inc. ("Nissan") for failure to plead or otherwise defend this action, and in support thereof states as follows::

## I. PROCEDURAL BACKGROUND

Plaintiff filed his Complaint in this action on April 1, 2026, asserting seven counts arising from Defendant's breach of warranty, bad faith conduct, violations of the Colorado Consumer Protection Act, unjust enrichment, negligent misrepresentation, abuse of process, and intentional infliction of emotional distress in connection with a defective vehicle lease.

The Court issued a Summons directed to Defendant Nissan North America, Inc. on April 6, 2026. See ECF No. 13. Defendant was served with the Summons and Complaint on April 10, 2026, through its designated registered agent, Corporation Service Company ("CSC"), at CSC's office at 2908 Poston Avenue, Nashville, Tennessee 37203. See Bolte v. Home Insurance Co., 744 F.2d 761 (10th Cir. 1984) (the time to respond begins to run from the date the defendant is actually served, not the date proof of service is filed with the court). Service was effected by a United States Marshal pursuant to Fed. R. Civ. P. 4(c)(3) and 4(h)(1)(B).

Prior to effecting service, the United States Marshal contacted CSC by telephone at (615) 666-4532 to coordinate service on Defendant's registered agent. CSC confirmed its authority and availability to accept service on behalf of Nissan North America, Inc. Service was thereafter personally delivered to and accepted by Glenda Sheppard, an individual designated by law at CSC's Nashville office to accept service of process on behalf of Defendant. The Marshal's declaration, signed under penalty of perjury, states: "I declare under penalty of perjury that this information is true."

The Marshal's Proof of Service was completed on April 10, 2026, and filed with the Court on April 15, 2026. See ECF No. 13. Under Fed. R. Civ. P. 12(a)(1)(A)(i), Defendant was required to serve an answer or file a motion

under Rule 12 within 21 days after service of the Summons and Complaint. The 21-day deadline expired on May 1, 2026.

As of the filing of this Motion on May 2, 2026, Defendant Nissan North America, Inc. has failed to answer, move, or otherwise respond to or defend against the Complaint. No attorney has entered an appearance on behalf of Defendant. The docket reflects no filing of any kind by Defendant.

## II. LEGAL STANDARD

Fed. R. Civ. P. 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Entry of default is a ministerial act that the clerk must perform upon a showing that the defendant has been properly served and has failed to respond within the required time. See *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1548 (10th Cir. 1996).

## III. ARGUMENT

### *A. Service of Process Was Valid and Legally Sufficient.*

Service on a corporation is authorized under Fed. R. Civ. P. 4(h)(1)(B) by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Service may be made "in any judicial district of the United States." Id.

Corporation Service Company is Nissan North America, Inc.'s designated registered agent, retained by Defendant specifically and exclusively to receive legal process on Defendant's behalf. Service through a professional registered agent service constitutes valid service under Rule 4(h)(1)(B). See *Trustees of the Central Laborers' Pension Fund v. Stevco Inc.*, 2011 WL 1193562 (S.D. Ill. 2011) — the retention of a registered agent service constitutes an ongoing appointment of that agent to receive process; the corporation cannot later claim the agent lacked authority to accept a specific document.

Corporation Service Company serves as Nissan North America, Inc.'s registered agent in the State of Colorado as well, with an office at 1900 W. Littleton Blvd., Littleton, CO 80120, as reflected in the Colorado Secretary of State's business entity records for Nissan North America, Inc. (Entity No. 19871034144). Service was effected through CSC's Tennessee office — the same registered agent company Defendant has designated in this jurisdiction — confirming that Defendant's designated agent received actual notice of this action regardless of which CSC office accepted service.

The Marshal's return of service — signed under penalty of perjury and filed at ECF No. 13 — creates a presumption of valid service that can only be overcome by strong and convincing evidence to the contrary. See *O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). A bare

denial by the defendant is insufficient to rebut a Marshal's sworn return. See *Hicklin v. Edwards*, 226 F.2d 410 (8th Cir. 1955).

The additional facts documented in the Marshal's return — including the prior telephone contact with CSC at (615) 666-4532 to coordinate service, and the personal acceptance of the summons and complaint by Glenda Sheppard, an individual designated at CSC's Nashville office to receive process — further confirm that service was not merely technically compliant but resulted in actual notice to Defendant's designated agent. See *National Development Co. v. Triad Holding Corp.*, 930 F.2d 253 (2d Cir. 1991) — service on a registered agent creates a strong presumption of validity and actual notice.

***B. Defendant Has Failed to Plead or Otherwise Defend.***

Defendant's 21-day deadline to respond under Fed. R. Civ. P. 12(a)(1)(A)(i) expired on May 1, 2026. As of the filing of this Motion on May 2, 2026 — 22 days after service — Defendant has filed nothing. No answer. No motion. No notice of appearance. No request for an extension of time. The docket is silent. The Clerk must therefore enter default. See *Ruiz v. Blentech Corp.*, 89 F.3d 320, 325 (7th Cir. 1996). When a defendant fails to respond within the required time, entry of default by the clerk is mandatory, not discretionary.

### *C. Defendant's Pattern of Non-Engagement Confirms Willfulness.*

Defendant's failure to appear in this action is consistent with a documented pattern of deliberate non-engagement that pervades the entire underlying dispute. Prior to the filing of this lawsuit, Defendant ignored a formally commenced JAMS arbitration proceeding — Case ID No. 37461, captioned Brooks, Jason v. Nissan North America, Inc. — which Plaintiff properly filed pursuant to the arbitration clause Defendant itself imposed in the lease agreement. Defendant failed to participate in that proceeding, failed to pay required arbitration fees under the JAMS Consumer Minimum Standards of Procedural Fairness, and directed Plaintiff to an alternative forum that its own program summary acknowledged could not award the damages Plaintiff sought. Defendant's failure to appear in this federal action is the continuation of that same deliberate strategy. See *Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983). A default is willful when it results from a party's deliberate or intentional failure to respond, as distinguished from an accidental or unintentional failure; a pattern of ignoring legal proceedings is evidence of willfulness.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Clerk of Court enter default against Defendant Nissan North America, Inc. pursuant to Fed. R. Civ. P. 55(a).

Respectfully submitted on this 2nd day of May 2026.

s/ Jason Brooks
***Jason Brooks***
636 Barberry Drive
Longmont, CO 80503
Telephone: (925) 366-0803
E-mail: geniusjasonbrooks@gmail.com
Plaintiff, *pro se*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of May 2026, a true and accurate copy of the foregoing **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT NISSAN NORTH AMERICA, INC.** was filed with the Clerk of the United States District Court for the District of Colorado via the Court's CM/ECF system. Because Defendant Nissan North America, Inc. has not entered an appearance in this action and has not registered with CM/ECF, no service on Defendant is required at this time pursuant to Fed. R. Civ. P. 5(a)(2).

s/ Jason Brooks
***Jason Brooks***
636 Barberry Drive
Longmont, CO 80503
Telephone: (925) 366-0803
E-mail: geniusjasonbrooks@gmail.com
Plaintiff, *pro se*