**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-cv-01385-SKC-STV

JASON T. BROOKS

Plaintiff(s),

v.

NISSAN NORTH AMERICA, INC.

Defendant.

---

## AFFIDAVIT OF KIMBERLY ROSS

---

I, Kimberly Ross, state under the penalties of perjury that the following facts are true to the best of my knowledge and information:

1. My name is Kimberly Ross. I am over the age of twenty-one and am otherwise competent to testify. I make the following statements based on my personal knowledge. I have not been made any promises or coerced in any way to provide this voluntary statement. The matters set forth herein are of my own personal knowledge and, if called as a witness, I could and would testify competently to them.

2. I am employed by Nissan North America, Inc. ("Nissan") as Senior Paralegal and have been employed in that capacity since June 2022.

3. In my role as Senior Paralegal, I am responsible for review information related to new lawsuits and oversight of legal process service and coordination between Nissan's registered agent and Nissan's legal department.

4. I submit this affidavit in support of Nissan's Motion to Set Aside Default Pursuant to F.R.C.P. 55(c) in the above-captioned matter.

5. Nissan is a large corporation with its principal place of business in Tennessee, and it does not sell or service motor vehicles. It is merely the distributor and warranty of new-Nissan brand vehicles in the United States. As such, it is not typically involved with retail consumers in the sale or service of its vehicle.

6. Nissan maintains Corporation Service Company ("CSC") as its designated registered agent for service of process in Colorado and numerous other jurisdictions.

7. CSC is a professional registered agent service responsible for receiving legal process on behalf of Nissan and communicating that process to Nissan's legal department in a timely manner.

8. When legal process is served on CSC on behalf of Nissan, CSC's standard procedure is to electronically transmit the service documents to Nissan's legal department through an electronic system and to assign the matter to appropriate legal personnel for handling.

9. The underlying dispute in this case arose from a lease of a 2024 Nissan Ariya vehicle to Plaintiff Jason T. Brooks on October 31, 2024.

10. The Summons and Complaint in this action were filed on April 1, 2026.

11. The Summons and Complaint were electronically served on CSC on April 10, 2026.

12. According to CSC's electronic service system, the service documents were marked as "acknowledged" in the system on or about April 10, 2026.

13. However, the matter was never properly escalated or assigned to appropriate legal personnel within Nissan's legal department following the acknowledgment.

14. Nissan maintains two individuals within its legal department who are specifically designated to handle served cases and to route them for assignment to appropriate counsel.

15. Neither of these two designated representatives has any knowledge of accepting the service in this case, marking the service documents as "acknowledged," or sending the case for assignment to legal counsel.

16. Multiple individuals at Nissan have access to CSC's electronic service system for various business purposes.

17. Based on my investigation of this matter, it appears that someone outside of the regular legal team viewed the service documents in the electronic system, and the documents were marked as "acknowledged" inadvertently.

18. Because the documents were marked as acknowledged in the system, the matter did not receive the standard escalation protocols that would normally trigger assignment to legal counsel.

19. The file effectively remained unassigned due to this internal miscommunication and systems-level breakdown between CSC's electronic service system and Nissan's legal department.

20. As a result of this process breakdown, Nissan's legal department did not learn that the Summons and Complaint had been served until after the responsive pleading deadline of May 1, 2026 had expired.

21. On or about June 17, 2026, Nissan's legal department became aware of the Default when I received internal notification of the case and discovered that default had been entered.

22. Upon learning of the Default, Nissan immediately retained O'Hagan Meyer, PLLC to represent Nissan in this matter and to prepare a motion to set aside the Default.

23. Nissan's failure to timely respond to the Complaint was not intentional, willful, or the result of any deliberate decision to ignore the litigation.

24. Nissan's failure to timely respond was solely the result of an inadvertent systems-level breakdown in the communication and escalation process between CSC's electronic service system and Nissan's legal department.

25. Nissan is prepared to defend this action vigorously on the merits and to participate fully in all phases of litigation going forward.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

EXECUTED this 22nd day of June, 2026.

Kimberly D. Ross

Kimberly Ross