**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-cv-01385-SKC-STV

JASON T. BROOKS,

Plaintiff,

v.

NISSAN NORTH AMERICA, INC.,

Defendant.

---

**DEFENDANT NISSAN NORTH AMERICA, INC.'S REPLY IN SUPPORT OF MOTION TO SET ASIDE DEFAULT PURSUANT TO FED. R. CIV. P. 55(c)**

---

Defendant Nissan North America, Inc. ("Nissan"), by and through undersigned counsel, O'Hagan Meyer PLLC, respectfully submits this Reply in Support of its Motion to Set Aside Default Pursuant to Fed. R. Civ. P. 55(c) [ECF No. 19] (the "Motion").

## I. Nissan Satisfies the Rule 55(c) Factors for Setting Aside Default

Federal Rule of Civil Procedure 55(c) allows the Court to set aside an entry of default for "good cause." There are three requirements that must be met to set aside a default: (1) the moving party's culpable conduct did not cause the default; (2) the non-moving party will not be prejudiced by setting aside the judgment; and (3) the moving party has a meritorious defense. *United States v. Timbers Pres., Routt Cty.*, 999 F.2d 452, 454 (10th Cir. 1993). The Court of Appeals for the Tenth Circuit has made clear that defaults are disfavored. *See Katzson Bros., Inc. v. United States EPA*,

839 F.2d 1396, 1399 (10th Cir. 1988); *Polaski v. Colorado Dep't of Transp.*, 198 F. App'x 684, 685 (10th Cir. 2006).

### A. Nissan's Culpable Conduct did not Cause the Default

Nissan's prompt response upon learning of the Default demonstrates the absence of culpability. If a defendant can show an honest mistake and a quick response to remedy the mistake, culpability is mitigated. *ProCom Supply, LLC v. Langner*, Civil Action No. 12-cv-00391-MSK-KMT, 2012 U.S. Dist. LEXIS 85895, at *5 (D. Colo. June 21, 2012) (citation omitted). A default that results from inadvertence[1] is not culpable. *School-Link Techns., Inc. v. Applied Res., Inc.*, 471 F. Supp. 2d 1101, 1119 (D. Kan. 2007). Additionally, a defendant who acts once he learns of the default demonstrates a lack of culpability. *See Signer v. Pimkova*, 2006 U.S. Dist. LEXIS 87011, at *2-3 (D. Colo. Nov. 30, 2006). Here, Nissan made an honest, inadvertent mistake and retained counsel and filed this Motion as soon as it discovered the Default.

Plaintiff expresses frustration with the delay in Nissan's appearance in this lawsuit. But delay does not establish that Nissan acted with disregard of the deadline

[1] Plaintiff's recent filings in this case [ECF Nos. 20 and 21] confirm why this Court should set aside the Default and permit this case to proceed on the merits. Plaintiff devotes substantial portions of his Opposition [ECF No. 20] to attacking the Kimberly Ross affidavit as "unsupported," "internally contradicted," and based on "vague explanations without corroboration." Yet within hours of filing that Opposition, Plaintiff filed a Notice of Errata [ECF No. 21] admitting that he made an objectively false factual assertion in his sworn Opposition about his own Complaint—a document he personally drafted and filed—and, as an explanation for that false assertion, claimed only that he "accidentally exported the wrong document." This is the same kind of inadvertent administrative error Plaintiff argues should establish culpability when attributed to Nissan.

or the Court's authority. While the record may show documented receipt and acknowledgement of legal process and the opportunity to address it, that same record shows that Nissan did take action in response to Plaintiff's claims. Nissan engaged in settlement negotiations, repurchase offers, and participation in dispute resolution. Once Nissan secured its present counsel, it promptly conferred with Plaintiff about setting the Default aside and sought relief in this Court. There is no evidence that the Default arose as a result of Nissan's culpability.

### B. Plaintiff Will Not Suffer Prejudice from Setting Aside the Default

Plaintiff argues he will suffer "real, compounding, and documented daily prejudice" if the Default is set aside. This argument conflates the merits of the underlying dispute with "prejudice" under Rule 55(c). The two are not the same. Under Rule 55(c), "[p]rejudice is established when a plaintiff's ability to pursue his claims has been hindered by, for example, a loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Davidson v. Bank of Am. N.A.*, Civil Action No. 14-cv-01578-CMA-KMT, 2015 U.S. Dist. LEXIS 23332, at *13 (D. Colo. Feb. 26, 2015) (citation omitted). This Court has found that a three-month delay inherent in setting aside a default does not constitute prejudice. *Gallatin v. VCG Mountain Ridge LLC*, Civil Action No. 1:24-cv-02209-CNS-SBP, 2025 U.S. Dist. LEXIS 82370, at *12 (D. Colo. Apr. 30, 2025) (finding lack of prejudice from the "relatively short period of inaction").

Here, Plaintiff cannot demonstrate the type of prejudice required to justify maintaining the entry of Default. Nissan filed its Motion before any default judgment

entered. This case remains at an early stage: no discovery has been conducted, no trial date has been set, and no trial preparation has occurred. Plaintiff has not suggested that setting aside the Default will result in the loss of relevant evidence, increase difficulty in obtaining discovery, or create any risk of fraud or collusion. Nor has Plaintiff shown any detrimental reliance on the Default or that his ability to prosecute the case has been materially impaired in any way. Plaintiff's allegations of ongoing financial or credit-related harm go to the substance of the underlying dispute, not to any litigation prejudice caused by vacating the default. Whether Nissan's credit reporting is lawful and whether Plaintiff has suffered compensable damages are merits questions to be resolved through the adversarial process. They do not constitute prejudice under Rule 55(c). If Plaintiff's claims have merit, he will have the opportunity to prove them at trial and obtain the same relief he seeks by default. Setting aside the Default after Nissan's relatively short period of inaction simply requires Plaintiff to meet his burden of proof through the normal litigation process.

Moreover, Plaintiff's assertion that he will file a First Amended Complaint seeking damages "in excess of $4,000,000" if the Default is set aside further undermines his prejudice argument. If Plaintiff believes his damages have increased so substantially since filing, he is not prejudiced by setting aside the Default; if Default is set aside, Plaintiff may amend his Complaint and pursue those additional damages on the merits.

**C. Nissan has Meritorious Defenses to Plaintiff's Claims**

To satisfy the meritorious defense factor, a defendant must provide a sufficient elaboration of facts to permit the trial court to judge whether the defense, if movant's

version were believed, would be meritorious. *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978). However, a defaulted defendant need not demonstrate a likelihood of success on the merits. *Davidson*, 2015 WL 854766 at *5. Here, Nissan has articulated facts that, if believed, would present a meritorious defense, and Plaintiff's Opposition confirms that substantial factual and legal disputes exist that cannot be resolved by default.

### 1. Arbitration Clause Defense

Plaintiff argues that Nissan has waived its right to compel arbitration through a "four-forum pattern of deliberate disengagement." This argument is unavailing. The parties' good faith dispute over which arbitration forum applied does not constitute waiver, and waiver of arbitration is a fact-specific inquiry that requires consideration of the totality of a party's litigation conduct, the prejudice to the opposing party, and whether the party seeking arbitration has acted inconsistently with the arbitration right. *See Vessels Oil & Gas Co. v. Coastal Ref. & Mktg., Inc.*, 764 P.2d 391, 392 (Colo. App. 1988) (holding that merely filing an answer, commencing discovery, and engaging in settlement negotiations outside selected venue did not constitute waiver of forum selection clause). These issues cannot be resolved on a motion to set aside default; they require factual development and adversarial briefing. Additionally, Plaintiff's reliance on *Morgan v. Sundance, Inc.* for the proposition that "courts may not impose a prejudice requirement on arbitration waiver analysis" is misplaced. *Morgan* held that courts may not condition a waiver finding on a showing of prejudice, but *Morgan* did not eliminate the requirement that the party opposing arbitration demonstrate that the party seeking arbitration acted

inconsistently with the arbitration right. *See Morgan*, 596 U.S. 411 at 419 (2022). The question of whether Nissan's pre-litigation conduct constitutes such an inconsistency is a merits question, not a Rule 55(c) question.

### 2. Reasonable Repair Opportunity and Breach Defense

Plaintiff asserts that Nissan cannot dispute whether it was afforded a reasonable opportunity to repair because Nissan acknowledged the vehicle's defective condition by offering to repurchase it. But a repurchase offer does not establish liability for a defect; a manufacturer may offer a repurchase for business reasons while still disputing liability. The fact that Nissan engaged in settlement discussions and made repurchase offers does not constitute an admission of liability or waive Nissan's defenses. Moreover, Nissan disputes the factual predicates underlying Plaintiff's claims, including whether the alleged nonconformity substantially impaired the vehicle's use, value, or safety, whether Nissan was afforded a reasonable opportunity to repair, and whether any claimed damages were caused by an actionable breach. These are classic merits defenses that require factual development and cannot be resolved by default.

### 3. Consequential Damages Limitation Defense

Plaintiff argues that his consequential damages are "documented in writing by third parties" and, therefore, causation is established. This argument ignores fundamental principles of contract damages and Colorado law. First, the Lease is an express contract governing the parties' relationship. Contract damages principles (including foreseeability, mitigation, and contractual limitations on consequential damages) apply. Whether Plaintiff can recover consequential damages beyond the

contract's contemplation is a question of contract interpretation and damages law that must be litigated on the merits.

Second, causation is a legal question, not merely a factual one. *See Heinrich v. Master Craft Eng'g, Inc.*, 131 F. Supp. 3d 1137, 1147 (D. Colo. 2015) (citation omitted) ("Colorado courts generally break the causation inquiry into two parts: causation in fact and legal causation."). Even if third parties identified Nissan's credit reporting as a reason for adverse decisions, Plaintiff must still establish that the credit reporting proximately caused his claimed damages, and that those damages are recoverable under applicable legal standards. These are merits questions.

Third, Colorado law limits recovery of emotional distress and other non-economic damages in cases involving purely economic loss. Whether Plaintiff can recover emotional distress, housing-related damages, and other consequential damages in a consumer vehicle lease dispute involving purely economic loss is a substantial legal question warranting adjudication on the merits.

#### 4. Unjust Enrichment Defense

Plaintiff's Opposition correctly states that Colorado courts recognize unjust enrichment as an independent theory available alongside breach of contract claims where a party has been enriched beyond the contract's contemplation. But Plaintiff's argument that Nissan's retention of tax credits falls "outside the contract's scope" fails to demonstrate Nissan's lack of meritorious defense on the unjust enrichment claim. Tax credits are a function of federal and state tax law and vehicle financing structures; they are not independent enrichment beyond the contract's contemplation. This defense should be resolved on the merits.

### 5. Intentional Infliction of Emotional Distress ("IIED") Defense

Plaintiff argues that Nissan has not articulated a meritorious defense to the IIED claim. Not so. In its Motion, Nissan disputed whether its alleged conduct meets the demanding threshold for any claim requiring extreme or outrageous conduct. As Plaintiff's Opposition correctly states, IIED requires conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Coors Brewing Co. v. Floyd*, 978 P.2d 663, 666 (Colo. 1999). Here, the alleged conduct—credit reporting, dispute resolution communications, and contractual enforcement—is quintessential commercial conduct that comes nowhere close to the extreme and outrageous standard required for IIED under Colorado law. *See Roget v. Grand Pontiac*, 5 P.3d 341, 346 (Colo. App. 1999) (recognizing potential outrageous conduct where defendant car dealership committed fraud, falsified documents related to the lease transaction, and strong-armed the plaintiff during negotiations); *Huff v. Verquer*, Civil Action No. 24-cv-02465-MDB, 2025 U.S. Dist. LEXIS 175868, at *12 (D. Colo. Sep. 9, 2025) (allowing IIED claim to proceed where the defendant haphazardly buried the plaintiff's father in a mass grave without the consent or knowledge of either the plaintiff or the landowner); *Straube v. Straube*, No. 2019CV31223, 2020 Colo. Dist. LEXIS 3545, at *7-9 (Arap. Dist. Ct. Nov. 2, 2020) (granting summary judgment on IIED claim where the plaintiff was pushed, struck, choked, bitten, had a gun held to her head, and shot causing bruising, swelling, lacerations, bite marks, and a gunshot wound to her foot). The nonviability of

Plaintiff's IIED claim is a meritorious defense that warrants adjudication on the merits, not resolution by default.

## II. Nissan's References to Plaintiff's Prior Public Statements and Litigation History Do Not Constitute Sanctionable Conduct

Plaintiff devotes a significant portion of his Opposition to attacking Nissan's reference to his prior public statements criticizing this Court's decision in prior litigation. Plaintiff argues that this reference violates the Court's Standing Order, constitutes sanctionable conduct under Colorado RPC 3.3(a)(1), Fed. R. Civ. P. 11(b)(1), Fed. R. Civ. P. 11(b)(3), and Fed. R. Evid. 404(b), and warrants striking portions of Nissan's Motion. These arguments are meritless.

### A. The Motion makes no false statement of fact or law violative of Colo. RPC 3.3(a)(1)

Colorado RPC 3.3(a)(1) prohibits a lawyer from knowingly making a false statement of fact or law to a tribunal or failing to correct a false statement of material fact or law previously made to the tribunal by the lawyer. Nissan's Motion referenced a publicly reported statement by Plaintiff criticizing this Court's decision in prior litigation. That statement was accurately quoted and properly sourced to the news article in which it appeared. Nissan did not make a false statement of fact or law. Whether Nissan should have included additional context regarding the procedural posture of that litigation is a matter of advocacy strategy, not a violation of RPC 3.3(a)(1).

### B. Nissan's Motion Satisfies Fed. R. Civ. P. 11(b)(1) and 11(b)(3)

Federal Rule of Civil Procedure 11(b)(1) requires that pleadings presented to the court not be for any improper purpose, such as to harass, cause unnecessary

delay, or needlessly increase the cost of litigation. Fed. R. Civ. P. 11(b)(3) requires that factual contentions have evidentiary support or are specifically identified as likely to have evidentiary support after further investigation. Nissan's Motion satisfies both requirements. The arguments presented in Nissan's Motion are not for any improper purpose; they bear directly on Plaintiff's relationship with this Court and should be considered by the Court in determining whether to set aside Default. The factual contentions in Nissan's Motion are supported by the Kimberly Ross affidavit, publicly available information, and materials provided by Plaintiff himself. Plaintiff's disagreement with Nissan's characterization of his public statement does not transform the Motion into sanctionable conduct. Rule 11 does not prohibit zealous advocacy, require parties to present their opponents' arguments in the most favorable light, or prevent parties from pointing out when their opponents have made damaging prior statements.

### C. Fed. R. Evid. 404(b) Does Not Apply

Federal Rule of Evidence 404(b) governs the admissibility of evidence of crimes, wrongs, or acts to prove that on a particular occasion the person acted in accordance with that character. Nissan's reference to Plaintiff's public statements was not offered as character evidence under Rule 404(b). It was argument addressing Plaintiff's litigation motive and the context of his damages demand, and may be properly considered by the Court for resolving the inquiry of whether Nissan has met the good cause standard to set aside the Default. *See Hunt v. Ford Motor Co.*, No. 94-3054, 1995 U.S. App. LEXIS 24463, at *9 (10th Cir. Aug. 29, 1995) (factors of culpable conduct, prejudice to the plaintiff, and presentation of a meritorious defense are not

"talismanic," and the court may consider other factors). Nissan's Motion argued that Plaintiff's punitive damages demand is disproportionate and appears designed to extract a windfall judgment. In support of this argument, Nissan noted that Plaintiff is not a typical pro se litigant: he has extensive federal litigation experience and is fully aware of litigation dynamics. Whether Plaintiff's damages demand reflects a good faith assessment of compensable harm or is strategically inflated to create settlement pressure is relevant to the question of whether good cause exists to set aside the Default.

## III. CONCLUSION

For the foregoing reasons, and for the reasons set forth in Nissan's Motion, the Court should set aside the Default and permit Nissan to file its Answer and defend this action on the merits.

Respectfully submitted this 7th day of July, 2026.

By: */s/ Russell Kalvelage*______________
Russell S. Kalvelage
O'Hagan Meyer
1331 17th St., Suite 350
Denver, CO 80202
Telephone: (303) 652-5882
rkalvelage@ohaganmeyer.com
***Attorneys for Nissan North America, Inc.***

**Generative AI Certification**: In accordance with Section C.2. of Judge Crews's Standing Order for Civil Cases, the attorney that drafted this motion certifies that any language drafted by AI was personally reviewed by the filer or another human for accuracy, and all legal citations are to actual, non-fictitious cases or cited authority.

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of July, 2026, a true and correct copy of this **DEFENDANT NISSAN NORTH AMERICA, INC.'S REPLY IN SUPPORT OF MOTION TO SET ASIDE DEFAULT PURSUANT TO FED. R. CIV. P. 55(c)** was filed via the Court's CM/ECF system and served via E-Mail to the following:

***Jason Brooks***
636 Barberry Drive
Longmont, CO 80503
Telephone: (925) 366-0803
E-mail: geniusjasonbrooks@gmail.com
Plaintiff, *pro se*

*/s/ Russell Kalvelage*