IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No. 1:26-cv-01385-SKC-STV

JASON T. BROOKS, Plaintiff v. NISSAN NORTH AMERICA, INC., Defendant.

# EXHIBIT B

## EMAIL CHAIN — SETTLEMENT DEMAND AND KALVELAGE RESPONSE

*August 15, 2026 — Plaintiff's Settlement Demand to Kalvelage*

*$350,000 — Mandatory Credit Deletion — Extinguishment of $30,908.03*

*"This offer expires the moment Nissan files any motion with the Court"*

*August 18, 2026 — Kalvelage to Plaintiff — 3:01 PM*

*"We acknowledge your email below and your objection to any future filing by NNA.*
*Today, we filed a second motion to set aside the default."*

Outlook

**RE: Settlement — Brooks v. Nissan North America, Inc., Case No. 1:26-cv-01385-SKC-STV [IMAN-ACTIVE.FID1130647]**

**From** Russell Kalvelage <rkalvelage@ohaganmeyer.com>
**Date** Tue 8/18/2026 3:01 PM
**To** geniusjasonbrooks@gmail.com <geniusjasonbrooks@gmail.com>
**Cc** Denean Sturino <DSturino@ohaganmeyer.com>

Dear Mr. Brooks,

We acknowledge your email below and your objection to any future filing by NNA. Today, we filed a second motion to set aside the default.

However, we are also cognizant of your settlement demand. While NNA is not willing to pay that amount in settlement and cannot agree to or even perform some of the injunctive relief you seek, NNA would be open to having a mediation with an independent mediator to work through the issues and try to come up with something that is a fair and reasonable compromise in this case. We find that sometimes an impartial third party can assist resolve the differences between the parties. Despite filing the motion, we would be happy to explore this option with you.

Please let us know if you are amenable to mediation.

Thank you,
Russell

**Russell Kalvelage**
Associate Attorney
1331 17th Street, Suite 350
Denver, Colorado 80202
DIR 303.652.5882

O'HAGAN MEYER
ATTORNEYS ▲ ADVISORS
California ▲ Colorado ▲ Delaware ▲ District of Columbia ▲ Georgia ▲ Illinois
Maryland ▲ Massachusetts ▲ Michigan ▲ Nevada ▲ New Jersey ▲ New York
North Carolina ▲ Oregon ▲ Pennsylvania ▲ Virginia ▲ Washington

OHaganMeyer.com

**From:** geniusjasonbrooks@gmail.com <geniusjasonbrooks@gmail.com>
**Sent:** Saturday, August 15, 2026 3:59 PM

**To:** Russell Kalvelage <rkalvelage@ohaganmeyer.com>
**Subject:** [EXTERNAL] Settlement — Brooks v. Nissan North America, Inc., Case No. 1:26-cv-01385-SKC-STV

**CAUTION:** This email originated from outside the organization.
Do not click links or open attachments unless you are expecting them from the sender.

Dear Mr. Kalvelage,

Plaintiff writes to make one final settlement offer before this matter is resolved by the Court.

Nissan is in default. The only challenge it ever filed to that default was withdrawn on August 14, 2026. Judge Crews will shortly rule on Plaintiff's Motion for Entry of Default Judgment [ECF No. 15], which is fully briefed and supported by eighteen exhibits and a sworn affidavit. When Nissan files its anticipated motion for leave to respond to ECF No. 15 or request a settlement conference, Plaintiff will oppose it. The default stands unchallenged. The record is complete. Judge Crews is unlikely to grant Nissan further participation in proceedings it defaulted on for 68 days and then abandoned its only challenge to. The path of least resistance for this Court is to rule on the existing record or hold a damages hearing.

Plaintiff will also be filing the attached draft supplemental damages brief on Wednesday, August 19, 2026 . That brief documents total damages exceeding $1,100,000 and fully substantiates Plaintiff's request of $500,000 — a conservative figure that is well below what the documented record supports.

Plaintiff is willing to resolve this matter completely for, once again, $350,000 on the following non-negotiable terms:

One — Mandatory credit deletion. Complete deletion of the Nissan-Infiniti LT lease account, Subscriber No. 3690580, from Plaintiff's Experian, Equifax, and TransUnion credit files within 21 business days of execution — with written confirmation to Plaintiff that deletion has been requested to all three bureaus within 30 days.

Two — Full extinguishment of the $30,908.03 claimed balance. Written acknowledgment that no balance, deficiency, or obligation of any kind is owed by Plaintiff arising from the Lease or the Vehicle — and a covenant not to pursue any collection action or further credit reporting on that balance.

Three — Mutual release. Plaintiff releases all claims against Nissan arising from the Lease and the Vehicle. Nissan releases the $30,908.03 claimed balance and any other claimed obligation.

Four — Payment within 21 days of execution.

$350,000 resolves everything — the default judgment motion, the $30,908.03 threatened balance, and the credit deletion. Whatever Nissan's position on the reasonableness of this demand, the supplemental brief demonstrates otherwise. The documented damages exceed $1,100,000. Plaintiff is requesting $500,000 from the Court — a figure the record fully supports and Judge Crews will likely enter.

This offer expires the moment Nissan files any motion with the Court or by August 21, 2026.

This communication is inadmissible pursuant to Fed. R. Evid. 408.

Respectfully,
Jason Brooks