**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-cv-01385-SKC-STV

JASON BROOKS

Plaintiff(s),

v.

NISSAN NORTH AMERICA, INC,

Defendants.

---

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF REFERRAL ORDER AND REQUEST THAT THIS COURT RETAIN JURISDICTION OVER ECF NO. 25

---

Plaintiff Jason T. Brooks, appearing pro se, respectfully moves this Court to reconsider its August 19, 2026 Order referring Defendant's Second Motion to Set Aside Default [ECF No. 25] to Magistrate Judge Varholak, and to retain jurisdiction over ECF No. 25 for the following reasons:

### I. INTRODUCTION

This Court referred ECF No. 25 to Magistrate Judge Varholak for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). Plaintiff does not challenge this Court's authority to make that referral. Plaintiff respectfully submits, however, that the referral — in the specific circumstances of this case — compounds documented, ongoing, daily harm to a degree that requires reconsideration. The referral timeline — Magistrate Judge Varholak's Report and Recommendation, the 14-day objection

period under Fed. R. Civ. P. 72(b), and this Court's final ruling — imposes weeks of additional delay on a motion that fails as a matter of law on the existing record and that this Court is uniquely positioned to decide today.

Plaintiff states plainly what is at stake: he faces the realistic prospect of homelessness. He cannot obtain standard market-rate housing. Every housing application is denied based on the single fraudulent charge-off Nissan continues to report on a legally terminated lease account. The only mechanism capable of ending that harm is the injunctive credit deletion order that issues as part of the default judgment on ECF No. 16 — which has not been referred to Magistrate Judge Varholak. Every additional week of procedural delay is another week Plaintiff cannot get an apartment. Plaintiff cannot absorb that delay.

## II. THE TIMELINE — ECF NO. 16 HAS BEEN PENDING 107 DAYS WITHOUT RULING

The following timeline — established entirely from the docket — demonstrates the extraordinary length of time this motion has been pending and the compounding harm caused by every additional day of delay:

**April 10, 2026** — Nissan served through its registered agent CSC in Nashville, Tennessee. Responsive pleading due May 1, 2026.

**April 20, 2026** — Nissan's own admission in ECF No. 25: internal assignment of this matter occurred. Eleven days before the deadline. Nissan filed nothing.

**May 1, 2026** — Responsive pleading deadline expired. Nissan filed nothing.

**May 2, 2026** — Plaintiff filed Motion for Entry of Default [ECF No. 15].

**May 5, 2026** — Default entered by the Clerk. Same day — Plaintiff filed Motion for Default Judgment [ECF No. 16]. That motion has been pending before this Court for **107 days** as of August 19, 2026 — with eighteen exhibits, a sworn affidavit, and a complete damages record — without ruling.

**June 22, 2026** — Nissan appeared for the first time — 52 days after default entered — filing the first Motion to Set Aside Default [ECF No. 19] containing materially false information that the internal assignment occurred in June 2026.

**June 23, 2026** — Plaintiff filed Opposition [ECF No. 20] and Notice of Errata [ECF No. 21].

**July 7, 2026** — Plaintiff served Rule 11 safe harbor letter. ECF No. 19 was fully briefed. This Court had before it a complete record on both ECF No. 16 and ECF No. 19 — and could have ruled on both simultaneously — as of this date. It did not — which was within this Court's discretion. But that means ECF No. 16 has been fully briefed and ripe for ruling for over six weeks before today.

**August 14, 2026** — Nissan voluntarily withdrew ECF No. 19 — confirmed in writing by its own counsel as caused by the First Amended Verified Complaint. This Court granted the withdrawal the same day. The default stood unchallenged. ECF No. 16 remained pending — now the only motion before this Court — fully briefed — ripe for ruling — with no opposition.

**August 15, 2026** — Plaintiff transmitted $350,000 settlement demand and supplemental damages brief to Nissan's counsel.

**August 18, 2026** — Nissan filed ECF No. 25. Plaintiff filed ECF No. 26 — Opposition — and ECF No. 27 — Supplemental Brief updating damages to $750,000.

**August 19, 2026** — This Court referred ECF No. 25 to Magistrate Judge Varholak.

The result: ECF No. 16 — Plaintiff's Motion for Default Judgment — has been pending 107 days. It was fully briefed as of July 7, 2026. For five days between August 14 and August 18, 2026 — after Nissan withdrew ECF No. 19 and before Nissan filed ECF No. 25 — ECF No. 16 was the only pending motion before this Court, unopposed, fully briefed, ripe for ruling. This Court could have ruled during those five days and ended fourteen months of compounding harm with a single order. The referral of ECF No. 25 to Magistrate Judge Varholak now ensures that ECF No. 16 — which has been pending since May 5, 2026 — will not be decided for additional weeks at minimum.

107 days. Fourteen months of underlying harm. Two housing denials. Housing insecurity approaching homelessness. 17.85% APR on a vehicle loan caused by a fraudulent charge-off on a legally terminated lease account. Pre-judgment interest accruing at $6,700 per month. The referral adds weeks to a timeline that has already cost Plaintiff everything documented across twenty-seven docket entries and now the court itself is contributing to that compounding harm by this referral, in response to a response to expedite.

## III. THE REFERRAL EFFECTIVELY DENIES THE EXPEDITED RULING PLAINTIFF REQUESTED WITHOUT ADDRESSING IT

In Plaintiff's Opposition to ECF No. 25 [ECF No. 26], filed August 18, 2026, Plaintiff specifically requested that this Court order Nissan to reply within 7 days

and issue an expedited ruling on ECF No. 25 within 14 days — given the documented, ongoing, daily harm caused by every day of delay. The referral to Magistrate Judge Varholak effectively denies that expedited ruling request without addressing it on the merits.

Under 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b), the referral process requires: Magistrate Judge Varholak to conduct any necessary proceedings and issue a Report and Recommendation; the parties to have 14 days to file objections; and this Court to conduct de novo review of any objected-to portions before issuing a final ruling. That process — even on an expedited basis — imposes weeks of additional delay that the original 14-day expedited ruling request was specifically designed to avoid.

Every day of that additional delay is documented, compounding harm: the fraudulent charge-off continues to report on Plaintiff's credit file; every housing application is denied; Capital One charges 17.85% APR on a vehicle loan — Account No. 6201072009980 — that would have cost 6-8% at prime; and pre-judgment interest accrues at 8% per year under C.R.S. § 5-12-102 — approximately $6,700 per month added to the judgment with each passing month.

## III. MAGISTRATE JUDGE VARHOLAK HAS NO PRIOR INVOLVEMENT IN THIS CASE — RECONSIDERATION IS WARRANTED

This Court has personally adjudicated every motion filed in this case — including granting ECF No. 23 on the same day it was filed on August 14, 2026. Not a single prior motion has been referred to Magistrate Judge Varholak. The referral of ECF No. 25 — and only ECF No. 25 — after months of direct adjudication — on a

motion requesting expedited ruling given documented daily harm — places a judicial officer with no familiarity with this case in the position of reviewing the entire record before issuing a recommendation.

Magistrate Judge Varholak must now review — from the beginning — ECF Nos. 15 through 27: the Motion for Entry of Default, the Motion for Default Judgment and its eighteen exhibits and sworn affidavit, Nissan's first Motion to Set Aside Default, Plaintiff's opposition, the Notice of Errata, the safe harbor letter, the Notice of Post-Filing Events, the Motion to Strike, the withdrawal of ECF No. 19, Plaintiff's Opposition to ECF No. 25, and the Supplemental Brief updating damages to $750,000. That review — of a record that this Court has built and managed for five months — takes time. Time that compounds Plaintiff's documented harm. Time that this Court — with complete familiarity with every filing — does not need.

## IV. ECF NO. 25 AND ECF NO. 16 ARE INTERRELATED AND MUST BE DECIDED BY THE SAME JUDICIAL OFFICER

This Court has not referred Plaintiff's Motion for Default Judgment [ECF No. 16] to Magistrate Judge Varholak. ECF No. 25 and ECF No. 16 are directly and inextricably interrelated — ECF No. 25 asks whether Nissan is permitted back into the litigation; ECF No. 16 asks what Plaintiff is awarded on the default Nissan has not successfully challenged. The two motions are two sides of the same question and cannot be adjudicated consistently by different judicial officers.

Under 28 U.S.C. § 636(b)(1)(A), a district judge may refer non-dispositive pretrial matters to a magistrate judge for determination. Under § 636(b)(1)(B), a district judge may refer dispositive matters for a Report and Recommendation. A

motion to set aside default is dispositive — it determines whether the defaulting party participates in the litigation at all. See *Tyco Fire Products LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 897 (E.D. Pa. 2011) — motions affecting the fundamental structure of the litigation are dispositive for referral purposes. ECF No. 16 — the Motion for Default Judgment — is equally dispositive. Referring one dispositive motion to Magistrate Judge Varholak while retaining jurisdiction over the directly related dispositive motion creates the risk of inconsistent rulings and duplicative proceedings that serve neither judicial economy nor Plaintiff's urgent need for resolution.

## V. PLAINTIFF CANNOT WAIT — THE REFERRAL TIMELINE MAY FORCE PLAINTIFF TO ABANDON THE DEFAULT AND SEEK EMERGENCY ALTERNATIVE RELIEF

Plaintiff states this plainly and without hyperbole: if the referral timeline extends sufficiently, Plaintiff may be compelled to abandon the default judgment posture entirely and pursue the following alternative relief simultaneously:

**First** — file the First Amended Verified Complaint — adding O'Hagan Meyer PLLC as a defendant, adding FCRA willful furnisher liability counts, expanding damages to $6,271,068+ — which would supersede the original complaint, reset the default question, and require Nissan to respond to a substantially larger complaint within a new response deadline.

**Second** — simultaneously move for a preliminary injunction under Fed. R. Civ. P. 65 and *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) — seeking emergency credit deletion within five business days — on the grounds that

the continued reporting of a legally false charge-off on a legally terminated lease account creates irreparable harm in the form of ongoing housing denials and the realistic prospect of homelessness that no money damages award can fully remediate.

Plaintiff does not make this statement as a threat. He makes it as a frank assessment of what additional weeks of procedural delay mean for a pro se litigant facing homelessness who has been waiting fourteen months for resolution of a $625.28 dispute. The preliminary injunction path — while legally available and factually supported — imposes significantly greater burden on this Court, resets the litigation entirely, and is the worst outcome for judicial economy. It is also the direct consequence of procedural delay that compounds documented, ongoing harm that is already in the record before this Court across twenty-seven docket entries.

ECF No. 25 fails all three Rule 55(c) factors as a matter of law on undisputed facts. Under *Hunt v. Ford Motor Co.*, 65 F.3d 178 (10th Cir. 1995), culpable conduct alone — established by Nissan's own admission that it had actual internal knowledge of this lawsuit eleven days before the deadline and still defaulted — is sufficient to deny ECF No. 25 without further analysis. Under *United States v. Timbers Pres., Routt Cnty., Colo.*, 999 F.2d 452, 454 (10th Cir. 1993), a defendant with no excuse for the default cannot demonstrate good cause. Nissan has none. No evidentiary hearing is required. No credibility determination is needed. The motion fails on the papers. This Court can deny ECF No. 25 and enter judgment on ECF No. 16 today — without any referral process — and end fourteen months of compounding harm with a single order.

## VI. IN THE ALTERNATIVE — REQUEST FOR EXPEDITED RECOMMENDATION

If this Court declines to withdraw the referral, Plaintiff respectfully requests that this Court direct Magistrate Judge Varholak to issue his Report and Recommendation on ECF No. 25 on an expedited basis — within 14 days of the referral order — and that the 14-day objection period under Fed. R. Civ. P. 72(b) be shortened to 7 days given the documented, ongoing, daily harm that every additional week of delay compounds.

## VII. RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

*(a)* Reconsider its August 19, 2026 referral order and withdraw the referral of ECF No. 25 to Magistrate Judge Varholak;

*(b)* Retain jurisdiction over ECF No. 25 and rule on it directly — within 14 days — on the papers — without further hearing;

*(c)* Simultaneously rule on Plaintiff's Motion for Default Judgment [ECF No. 16] as supplemented by ECF No. 27 — either on the papers or by setting an expedited damages hearing;

*(d)* In the alternative — if this Court declines to withdraw the referral — direct Magistrate Judge Varholak to issue his Report and Recommendation within 14 days and shorten the objection period under Fed. R. Civ. P. 72(b) to 7 days; and

*(e)* Award all costs pursuant to Fed. R. Civ. P. 54(d).

Respectfully submitted on this 19th day of August 2026.

s/Jason T. Brooks______________
Jason T. Brooks
636 Barberry Drive
Longmont, CO 80503
(925) 366-0803
geniusjasonbrooks@gmail.com
*Pro Se Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of August 2026, a true and accurate copy of the foregoing **PLAINTIFF'S MOTION FOR RECONSIDERATION OF REFERRAL ORDER AND REQUEST THAT THIS COURT RETAIN JURISDICTION OVER ECF NO. 25** was served on all parties via the Court's CM/ECF system.

s/ Jason Brooks_________________
***Jason Brooks***
636 Barberry Drive
Longmont, CO 80503
Telephone: (925) 366-0803
E-mail: geniusjasonbrooks@gmail.com
Plaintiff, *pro se*