**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-cv-01385-SKC-STV

JASON BROOKS

Plaintiff(s),

v.

NISSAN NORTH AMERICA, INC,

Defendants.

---

**PLAINTIFF'S NOTICE THAT ECF NO. 29 REMAINS UNDECIDED AND RENEWED MOTION TO VACATE THE SEPTEMBER 23, 2026 HEARING OR, IN THE ALTERNATIVE, FOR AN EXPEDITED RULING ON THE PAPERS**

---

Plaintiff Jason Brooks, appearing *pro se*, respectfully submits this Notice and Renewed Motion, and states as follows:

## I. INTRODUCTION

On August 19, 2026, Plaintiff filed his Motion for Reconsideration of Referral Order and Request That This Court Retain Jurisdiction Over ECF No. 25 [ECF No. 29]. That motion asked this Court either to retain and decide ECF No. 25 directly, or, in the alternative, to direct Magistrate Judge Varholak to issue an expedited Report and Recommendation with a shortened objection period. ECF No. 29 remains undecided.

On that same day, this Court entered a Minute Order setting Defendant's Second Motion to Set Aside Default [ECF No. 25] for a hearing before Magistrate Judge Varholak on September 23, 2026, at 11:00 a.m. The Minute Order does not reference or resolve ECF No. 29. Thus, Defendants lied to the court, conceded the case, re-entered upon another lie, and now gain the benefit of an entire new judge who has not seen the record, who has a history of not ruling on claims Plaintiff argues (the only two ruling Judge Varholak has made have repeated this pattern, violating the party presentation principal), to decide this issue. The pattern will recur and Plaintiff will not stand for it.

Plaintiff files this Notice to bring these facts to the Court's attention and respectfully renews his request for prompt resolution. Plaintiff does so because the specific procedural step now scheduled — a hearing followed by a Report and Recommendation, a fourteen-day objection period, and de novo review — carries a documented risk that it will not materially affect the outcome, based on Magistrate Judge Varholak's own recent record in another case before him with Plaintiff.

## II. ECF NO. 29 REMAINS PENDING AND UNADDRESSED

ECF No. 29 asked this Court to retain jurisdiction over ECF No. 25 rather than refer it, on the ground that this Court has personally adjudicated every prior motion in this case, that ECF No. 25 and Plaintiff's Motion for Default Judgment [ECF No. 16] are directly interrelated, and that referral would compound documented, ongoing, daily harm. The August 19, 2026 Minute Order proceeded to set ECF No. 25 for a hearing before Magistrate Judge Varholak without addressing any of these

arguments. Plaintiff does not read the Minute Order as a ruling on ECF No. 29 and respectfully requests that the Court either rule on ECF No. 29 directly or clarify that the referral stands notwithstanding it.

## III. REFERRAL OF ECF NO. 25 REWARDS DEFENDANT'S PATTERN OF MISREPRESENTATION WITH A JUDGE WHO HAS NOT SEEN THE RECORD

Defendant's first Motion to Set Aside Default [ECF No. 19], filed June 22, 2026, stated that Nissan's internal assignment of this matter occurred in June 2026. Defendant has since admitted the assignment actually occurred April 20, 2026 — eleven days before its response deadline. Rather than defend that statement, Defendant withdrew ECF No. 19 on August 14, 2026, with its own counsel confirming in writing that the withdrawal was caused by Plaintiff's First Amended Verified Complaint, not by the false assignment date. Plaintiff has argued that this withdrawal operates as a concession, and that judicial estoppel under *New Hampshire v. Maine*, 532 U.S. 742, 749–750 (2001), bars Defendant from now seeking the same relief on revised grounds. See ECF No. 26 §§ V.B, VI (Grounds One and Two). This isn't a close call legally and requires no in-depth legal analysis.

Four days after that withdrawal, Defendant filed ECF No. 25 — the motion now referred to Magistrate Judge Varholak — seeking identical relief on revised grounds. This Court granted Defendant's withdrawal of ECF No. 19 the same day it was filed and has adjudicated every other motion in this case directly. This Court has therefore observed Defendant's conduct in this case firsthand, including the circumstances of that withdrawal, in a way that a newly assigned magistrate judge

reviewing a cold record cannot. Referring ECF No. 25 for decision now — at the exact moment Defendant's credibility in this case is squarely at issue — gives Defendant the benefit of a judicial officer starting from zero on a motion that follows directly from conduct this Court itself already accepted and ruled on. Combined with the pattern set out below, in which that same judicial officer has an independently documented practice of resolving matters without addressing the arguments the parties actually present, this is not a neutral procedural assignment. It is documented here so that, if it recurs, no party can say it went unnoticed.

## IV. THE UNDERLYING HARM AND TIMELINE IDENTIFIED IN ECF NO. 29 HAVE NOT CHANGED

As set forth in ECF No. 29, Plaintiff's Motion for Default Judgment [ECF No. 16] has been pending since May 5, 2026, and fully briefed since July 7, 2026. Pre-judgment interest continues to accrue at 8% per year under C.R.S. § 5-12-102, approximately $6,700 per month. The fraudulent charge-off Plaintiff has documented continues to report. Every week added to the resolution of ECF No. 25 is a week added to the resolution of ECF No. 16, which this Court has not referred and which remains ripe for decision independent of ECF No. 25.

Plaintiff further states that he currently faces imminent homelessness as of September 1, 2026. Plaintiff cannot wait indefinitely for adjudication of ECF No. 25 or ECF No. 16 while that deadline approaches, and if this matter remains unresolved, Plaintiff will likely be forced to forgo the default posture of this case entirely — including the injunctive credit-deletion relief sought in ECF No. 16, which depends on this case remaining postured on default — and pursue emergency alternative relief

instead, notwithstanding that such relief would be far less complete than the relief already fully briefed and awaiting decision. Plaintiff further notifies the Court that, absent the relief requested below, he intends to file a First Amended Verified Complaint under Fed. R. Civ. P. 15(a) and, if his circumstances described above require it, a motion for emergency preliminary injunctive relief under Fed. R. Civ. P. 65.

## V. THIS FILING PRESERVES THE RECORD FOR FUTURE PROCEEDINGS

Allowing this pattern to continue unaddressed — a hearing that does not inform the ruling that follows it, repeated across unrelated matters, and any further silence on ECF No. 29 itself — on top of Defendants statement to the Court —– gives rise to an appearance of impropriety under the objective standard of 28 U.S.C. § 455(a): a reasonable person, aware of these facts, would question whether the delay serves any purpose other than delay. Plaintiff files this Notice, in part, to preserve the record. If this pattern recurs in this case, or if the delay identified herein continues without resolution, that record will be relevant to a future motion for disqualification under § 455(a) as to Magistrate Judge Varholak and, if warranted by subsequent events, as to this Court. Plaintiff states this not as a threat but as notice of the unknown result of Defendants actions, though they can be inferred: the record is being built contemporaneously, filing by filing, so that no future reviewing court can say the pattern was unaddressed when it was still capable of being corrected.

Plaintiff further states plainly: if this Court does not rule directly on whether Defendant may re-enter this litigation — resolving ECF No. 25 and ECF No. 29

together — and instead continues to route this determination through referral, hearing, and an indeterminate period of review, Plaintiff will be compelled to seek disqualification not only in this case but across every matter currently pending before this Court and Magistrate Judge Varholak. The record set out above, considered together with Defendants' own prior invocation of Plaintiff's criticism of this Court in their briefing in this very case, gives rise to a reasonable appearance that this litigation is not being administered — it is being avoided. Plaintiff has no further choice considering what his litigation record with this Court has now clearly established — the administration of justice requires a decision and the continued absence of one is itself the harm.

## VI. RELIEF REQUESTED

Plaintiff respectfully requests that this Court decide, in a single ruling, whether Defendant may re-enter this litigation, and specifically that this Court:

(a) rule on ECF No. 29 and ECF No. 25 together, directly and without further referral, deciding whether Defendant Nissan North America, Inc. is permitted to set aside the default and re-enter this litigation;

(b) in the alternative, if this Court declines to decide ECF No. 25 directly, vacate the September 23, 2026 hearing and direct Magistrate Judge Varholak to decide ECF No. 25 on the papers;

(c) in the further alternative, if the hearing proceeds as scheduled, direct that any Report and Recommendation arising from it be limited to grounds actually raised and argued at the hearing or in the parties' briefing, consistent with the party-

presentation principle. See *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020); *Clark v. Sweeney*, 607 U.S. ___, slip op. at 2 (2025) (per curiam); and

(d) award such other and further relief as this Court deems just and proper.

Respectfully submitted on this 19th day of August 2026.

s/Jason T. Brooks______________
Jason T. Brooks
636 Barberry Drive
Longmont, CO 80503
(925) 366-0803
geniusjasonbrooks@gmail.com
*Pro Se Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of August 2026, a true and accurate copy of the foregoing **PLAINTIFF'S NOTICE THAT ECF NO. 29 REMAINS UNDECIDED AND RENEWED MOTION TO VACATE THE SEPTEMBER 23, 2026 HEARING OR, IN THE ALTERNATIVE, FOR AN EXPEDITED RULING ON THE PAPERS** was served on all parties via the Court's CM/ECF system.

s/ Jason Brooks_______________
***Jason Brooks***
636 Barberry Drive
Longmont, CO 80503
Telephone: (925) 366-0803
E-mail: geniusjasonbrooks@gmail.com
Plaintiff, *pro se*