IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:26-cv-01385-SKC-STV

JASON BROOKS,

Plaintiff,

v.

NISSAN NORTH AMERICA, INC.,

Defendant.

---

MINUTE ORDER

---

U.S. District Judge S. Kato Crews

The Court has before it several Motions filed by Plaintiff (Dkts. 16, 27, 29, 32) and one by Defendant (Dkt. 25). The Court begins with Plaintiff's request for the undersigned to recuse from this case. Dkt. 32.

**Motion to Disqualify, Dkt. 32.** When a party seeks a judge's recusal under 28 U.S.C. § 455, "[t]he test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). This is an objective standard. *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). The judge whose impartiality is at issue need not take the factual allegations raised by the party challenging their impartiality as true, nor is the judge limited to those facts presented by the challenging party. *Hinman*, 831 F.2d at 939.

If "no reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality," the motion to recuse must be denied. *Bryce v. Episcopal Church in the Diocese of Colorado*, 289 F.3d 648, 659–60 (10th Cir. 2002) (cleaned up). Indeed, a judge has "as strong a duty to sit when there is no legitimate reason to

recuse as he does to recuse when the law and facts require." *Id.* at 659 (cleaned up). A judge should not recuse based on "unsupported, irrational, or highly tenuous speculation." *Hinman*, 831 F.2d at 939. Nor should the recusal statute "be construed so broadly as to become presumptive or to require recusal based on unsubstantiated suggestions of personal bias or prejudice." *Bryce*, 289 F.3d at 659-60. "The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *Cooley*, 1 F.3d at 993.

While Mr. Brooks claims to the contrary, it is evident from the Motion that he seeks this Court's recusal based on his dissatisfaction with the Court's rulings in this case and in other of Mr. Brooks' past and presently pending cases assigned to this Court; his dissatisfaction with this Court's case management in this case and in other of his past and presently pending cases assigned to this Court, which he characterizes as "not neutral" and "asymmetrical;" and his inference that this Court is bitter or harbors animus because of Plaintiff's public statements or a prior reversal by the Tenth Circuit in another of Mr. Brooks' cases in which, after reversal and remand, he prevailed in a jury trial and received a significant monetary judgment.

These are not appropriate bases for recusal. They amount to nothing more than "unsupported, irrational, or highly tenuous speculation." *Hinman*, 831 F.2d at 939. Mr. Brooks' suggestions of bias from this record are unsubstantiated. First, the Court's adverse rulings are never an appropriate basis for recusal, as Mr. Brooks concedes. Second, Mr. Brooks' case is one of over 400 active cases on this Court's docket to manage, both civil and criminal cases. Third, the Court never takes a reversal by the Tenth Circuit personally—indeed, the Circuit Court is there for the express purpose of appeal and to issue reversals when it believes this Court erred. That's the process. Finally, with respect to Plaintiff's past statements to the press regarding the undersigned, Mr. Brooks is not the first party to publicly express his discontent with adverse rulings and is unlikely to be the last. Doing so is his prerogative, and the Court takes no offense and harbors no bias against any party choosing to express their discontent whether publicly or privately.

For these reasons, the Court finds there is no basis to recuse from this case. No reasonable person, knowing all the relevant facts, would harbor doubts about this Court's impartiality. The Motion is **DENIED**.

**Motion for Reconsideration of Referral Order, Dkt. 29.** Turning now to Plaintiff's Motion to Reconsider, Plaintiff asks this Court to withdraw its referral of the "Motion to Set Aside Default" to Chief Magistrate Judge Varholak. This request is largely based on Plaintiff's concern with the amount of time he believes a referral adds to the litigation process and his eagerness to attain a judgment. But a desire for speedy resolution is not unique to Mr. Brooks; as mentioned above, the Court has over 400 active civil and criminal matters before it that all require the Court's attention. The Court endeavors to resolve the motions across these cases in as timely a manner as possible. But as Plaintiff knows from his myriad cases, delays are an unfortunate reality of litigation. Further, whether to refer matters to a magistrate judge is committed *solely* to this Court's discretion. Judge Varholak is a diligent and eminently capable judicial officer, and this Court will continue to refer motions and other issues to his wise counsel as it deems fit. Plaintiff's motion is **DENIED.**

**Second Motion to Set Aside Default, Dkt. 25.** Based on its own review of the docket, the Court *sua sponte* withdraws its referral (Dkt. 28) and takes up Defendant's Motion to Set Aside Default. Dkt. 25.

Courts "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). When determining whether to set aside an entry of default, "courts may consider, among other things, 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009) (quoting *Dierschke v. O'Cheskey*, 975 F.2d 181, 183 (5th Cir. 1992)). "A court need not consider all of the factors, and may consider other factors as well." *Guttman v. Silverberg*, 167 Fed. Appx. 1, 4 (10th Cir. 2005). The Court is also guided by the Tenth Circuit's preference, and its own, for deciding cases on the merits as opposed to default. *See Rains v. Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991).

Having reviewed the Parties' respective positions and considering the applicable factors, the Court grants the Motion and sets aside the entry of default. First, there is no indication that Defendant willfully defaulted. To be sure, Defendant's pre-litigation conduct, which included negotiations and a previous settlement payment to Plaintiff, indicates a willingness to seek a resolution satisfactory to both parties and does not support a finding that its failure to answer or otherwise respond was done intentionally.

Second, the Court concludes setting aside the entry of default will not substantially prejudice Plaintiff. In setting aside entry of default, the Court evaluates whether the defendant's delay has prejudiced the plaintiff's ability to develop his case, *i.e.*, a resulting loss of evidence or inability to locate necessary witnesses. *SecurityNational Mortg. Co. v. Head*, No. 13-cv-03020-PAB-BNB, 2014 WL 4627483, at *3 (D. Colo. Sept. 15, 2014) ("Prejudice is established when a plaintiff's ability to pursue the claim has been hindered by, for example, loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment.") (cleaned up). Here, Plaintiff contends he is currently facing significant financial hardship. But that prejudice, as he asserts it, is not the sort contemplated in this analysis. Moreover, Plaintiff's hardship appears to be attributable to Defendant's purported underlying conduct, which Plaintiff bears the burden of proving. "There is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to plaintiff except to require [him] to prove [his] case.'" *SecurityNational*, 2014 WL 4627483, at *3 (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000)).

Third, Plaintiff's only challenge to Defendant's alleged meritorious defenses is that Nissan has already admitted the claims by default. Such circular reasoning is not persuasive. Defendant has asserted plausible defenses based on the language and provisions in the lease contract, which should be settled on their merits.

Consequently, Defendant's Motion to Set Aside Default (Dkt. 25) is **GRANTED**. Plaintiff's Motion for Default Judgment (Dkt. 16) and Motion to Supplement (Dkt. 27) are **DENIED AS MOOT**.

**IT IS ORDERED** the Clerk of Court shall set aside its Entry of Default, and Defendant shall answer or otherwise respond to the Complaint on or before September 2, 2026.

August 21, 2026