**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-cv-01385-SKC-STV

JASON T. BROOKS

Plaintiff(s),

v.

NISSAN NORTH AMERICA, INC.

Defendant.

---

**NISSAN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 21, 2026 MINUTE ORDER**

---

Defendant Nissan North America, Inc. ("Nissan"), by its undersigned counsel, O'Hagan Meyer, PLLC, respectfully submits this Response in Opposition to Plaintiff's Motion for Reconsideration of the Court's August 21, 2026 Minute Order [ECF No. 33] ("Response").

## I. INTRODUCTION

Plaintiff's Motion for Reconsideration of the Court's August 21, 2026 Minute Order [ECF No. 33] dated August 21, 2026 ("Motion for Reconsideration") does not identify any basis to revisit the Court's August 21, 2026 Minute Order [ECF No. 33]. Plaintiff's Motion for Reconsideration, among other things, reargues two points the

Court already resolved: willfulness and meritorious defenses. This Response is limited to those two issues.[1]

First, Plaintiff mischaracterizes Nissan's withdrawal of its first motion to set aside default. Nissan withdrew that motion and its supporting papers before the Court ruled on them, expressly stating that withdrawal would restore the docket to the status quo before those filings, and filed a corrected second motion identifying April 20, 2026—rather than June 17, 2026—as the accurate date upon which Nissan's legal department internally assigned this action for handling. The withdrawal was not a concession that Nissan acted willfully.

Second, Plaintiff's attack on the Court's description of Nissan's meritorious defenses confirms why reconsideration is unwarranted. The defenses Plaintiff claims he "addressed" turn on issues such as arbitration waiver, repair opportunity, causation, contractual limitations, unjust enrichment, emotional distress liability, and credit reporting responsibility issues that require factual development and merits adjudication, not default disposition.

## II. LEGAL STANDARD

A motion for reconsideration is appropriate where the Court has misapprehended the facts, a party's position, or the controlling law; it is not appropriate to revisit issues already addressed or to advance arguments that could

[1] Nissan does not agree that reconsideration is warranted on Plaintiff's other asserted grounds—recusal and transfer. Nissan does not separately address those grounds in this Response, however, because they present matters for the Court's determination.

have been raised in prior briefing. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Reconsideration of an interlocutory order may be denied unless the motion clearly demonstrates manifest error of law or fact or presents newly discovered evidence. *Mantooth v. Bavaria Inn Rest., Inc.*, 360 F. Supp. 3d 1164, 1169 (D. Colo. 2019).

## III. ARGUMENT

### A. Plaintiff Misstates the Purpose and Effect of Nissan's Withdrawal of Its First Motion

Plaintiff argues the Court's willfulness finding rests on a sworn statement Nissan's counsel "admits was false." That framing misstates the actual record. Nissan's second motion corrected the previously tendered inaccurate internal assignment date, explaining that Nissan discovered the internal assignment occurred on April 20, 2026 rather than in June 2026 after it filed its first motion for reconsideration. Based on that new information learned, Nissan withdrew ECF Nos. 19, 19-1, and 22 and then filed the second motion containing corrected information.

That is not a concession of willfulness. Nissan's withdrawal motion stated that Nissan sought to withdraw and strike the first motion, supporting affidavit, and reply before the Court ruled on them and Nissan's second motion to set aside default was filed solely to correct inaccurate information; it did not transform the corrected April 20 assignment date into a finding that Nissan intentionally disregarded the Court.

Plaintiff's argument also fails under the reconsideration standard. He does not identify newly unavailable evidence or a manifest factual error in the Court's order. He simply reargues the inference he wanted the Court to draw from the withdrawal.

Reconsideration is not a vehicle to relitigate arguments already available to Plaintiff before the Court's August 21 Minute Order. On this basis, the Court should deny Plaintiff's Motion for Reconsideration.

### B. Plaintiff's Argument Regarding the Order's Description of Nissan's Meritorious Defenses Confirms the Need for Merits Adjudication

Plaintiff next argues the Court's description of Nissan's meritorious defenses does not match the record because he "addressed each defense individually, by name, with citation," and proffered counterarguments to each defense. But Nissan was not required at the default stage to prove those defenses; the point is that those defenses present disputed issues for adversarial litigation. Plaintiff's disagreement with those defenses does not mean they were absent from the record or misdescribed by the Court. Plaintiff's identification of those defenses, which are based on questions of fact, confirms that this action should be resolved by adjudication on the merits rather than by default.

### C. The Amended Complaint Renders Plaintiff's Motion for Reconsideration Moot

The Court set aside the Clerk's entry of default on August 21, 2026 and, consequently, denied Plaintiff's motion for default judgment and related request as moot. Plaintiff thereafter filed the Amended Complaint on September 2, 2026, adding NMAC and O'Hagan Meyer PLLC as defendants, materially revising the factual allegations, separating and adding claims, and increasing his requested relief to more than $3 million.

Plaintiff's reconsideration request concerns default proceedings directed to the former, superseded complaint and the former single-defendant posture. The Amended Complaint now presents a different pleading, different parties, different claims, different allegations, and a different damages demand. Plaintiff has elected to pursue that new pleading on the merits, and leave behind the original pleading. Accordingly, reconsideration of whether Nissan should have remained in default on the superseded pleading would not resolve the claims now before the Court. The Court should deny Plaintiff's motion for reconsideration as moot.

## IV. CONCLUSION

For these reasons, Nissan respectfully requests that the Court deny Plaintiff's Motion for Reconsideration.

Respectfully submitted this 11th day of September, 2026.

By: */s/ Russell Kalvelage*_____________
Russell S. Kalvelage
O'Hagan Meyer PLLC
1331 17th St., Suite 350
Denver, CO 80202
Telephone: (303) 652-5871
rkalvelage@ohaganmeyer.com
***Attorneys for Nissan North America, Inc.***

**Generative AI Certification**: In accordance with Section C.2. of Judge Crews's Standing Order for Civil Cases, the attorney that drafted this motion certifies that any language drafted by AI was personally reviewed by the filer or another human for accuracy, and all legal citations are to actual, non-fictitious cases or cited authority.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of September, 2026, a true and correct copy of this **NISSAN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 21, 2026 MINUTE ORDER [ECF NO. 33]** was filed via the Court's CM/ECF system and served via E-Mail to the following:

***Jason Brooks***
636 Barberry Drive
Longmont, CO 80503
Telephone: (925) 366-0803
E-mail: geniusjasonbrooks@gmail.com
Plaintiff, *pro se*

*/s/ Russell Kalvelage*